## STATE OF FLORIDA v CARLSON

### Case No. 88-40 AP (County Court Case No. 87-39713 MM)

Fourth Judicial Circuit, Duval County

June 22, 1989

### APPEARANCES OF COUNSEL

**Lee C. Libby,** and **Libby West,** Assistant State Attorney, for appellant.

**James T. Miller,** Assistant Public Defender, for appellee.

### OPINION OF THE COURT

LAWRENCE D. FAY, Circuit Judge.

The State of Florida appealed the trial court's granting of a Motion to Dismiss a charge of Driving Under the Influence (DUI) on a vessel, Section 327.35(1)(a), Florida Statutes (1987). The County Court found the controlling phrase defining DUI-vessel, "operate," which was defined as "navigate or otherwise use a vessel," to be unconstitutionally vague. This Court agrees that Section 327.35(1)(a), Florida Statutes (1987), is vague and the Court adopts the order entered by the County Court. It should be noted that in 1988 the legislature amended Section 327.35(1)(a) and changed the phrase "operate-navigate or otherwise use" to "be in actual physical control." This change eliminated the inherent vagueness in the phrase "otherwise use" and indicates the

legislature realized the law challenged in this case was not precise enough. Consequently, this Court AFFIRMS the granting of the Motion to Dismiss and this cause is REMANDED to the County Court for proceedings consistent with this decision.

DONE AND ORDERED, in Chambers, at Jacksonville, Duval County, Florida, this 22nd day of June, A.D., 1989.